J S - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER FEATHERSTONE,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY,<br><br>Commissioner of Social Security,<br><br>    Defendant. | Case No. #5:24-cv-01272-MCS-KES<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION |

**I.**

**BACKGROUND**

On June 17, 2024, Plaintiff Heather Toni Featherstone filed a Complaint challenging the denial of social security disability benefits. (Dkt. 1.) As of December 1, 2022, such complaints are governed by the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g).

Consistent with Rule 4, Defendant filed an Answer including a certified copy of the Administrative Record ("AR") on August 19, 2024. (Dkt. 9.) Under Rule 6, Plaintiff was required to file and serve a brief for the requested relief

within 30 days after Defendant filed the Answer. Plaintiff's 30-day filing deadline expired on Wednesday, September 18, 2024. The Court received neither Plaintiff's brief nor a request from Plaintiff's counsel to extend the briefing deadline.

On September 24, 2024, the Court issued an order to show cause ("OSC") why Plaintiff's case should not be dismissed for failure to comply with the applicable rules and failure to prosecute the case by filing a timely brief. (Dkt. 10.) Plaintiff could discharge the OSC by filing either a brief or a request for an extension of time supported by good cause. (Id.) The Court ordered that Plaintiff respond to the OSC on or before September 30, 2024. (Id.) This deadline has now passed.

As of the date of this order, the Court has not received any further filings from Plaintiff.

## II.
## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."[1]

The Court has discretion to dismiss the action with or without prejudice. See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## III.
## DISCUSSION

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Id. (internal quotations marks omitted).

The third factor—prejudice to Defendant—weighs in favor of dismissal, although perhaps not as strongly as some of the other factors. Courts are less

likely to find prejudice to a defendant if the complaint has not been served. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S. Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet been served).  In this case, the Complaint has been served and Defendant has already filed an Answer and compiled the AR.  (Dkt. 9.)

A rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643.  Here, the AR provides a complete record of Plaintiff's medical history, minimizing the risk of evidence becoming stale due to delay. Nevertheless, the presence or absence of prejudice caused by a delay is not a decisive factor when determining whether to dismiss a case for failure to prosecute, especially when counsel has repeatedly ignored the Court's deadlines.  See Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986) ("Where counsel continues to disregard deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative … [and] we find no abuse of discretion in the district court's dismissal with prejudice."); see also Daniels v. Brennan, 887 F.2d 783, 788 (7th Cir. 1989) ("A trial court's authority to dismiss a case is not dependent on a showing of prejudice by the defendant.").

The fourth factor—availability of less drastic sanctions—favors dismissal. The OSC warned Plaintiff that failure to respond might result in a dismissal of this action. (Dkt. 10.)  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will

result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, the effect of this factor is somewhat mitigated by the fact that Plaintiff failed to file an opening brief and, when reminded of her obligation by the OSC, failed to respond to the OSC. Plaintiff is represented by counsel who has a duty to be familiar with the Supplemental Rules and meet court-ordered deadlines.

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rule 41-1. Considering all of the circumstances, the dismissal shall be without prejudice.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED: October 8, 2024

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE